IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TROY OROSCO,<br>Individually and on behalf<br>of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>CHALK MOUNTAIN SERVICES OF TEXAS, LLC<br><br>   *Defendant*. | Civil Action No. 5:17-cv-00682<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Troy Orosco, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") brings suit against Chalk Mountain Services of Texas, LLC ("Defendant" or "Chalk Mountain") to recover compensation, liquidated damages, attorneys' fees and costs under Sections 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and pursuant to the New Mexico Minimum Wage Act (hereinafter "NMMWA"), §§ 50-4-19, *et seq*.

### I.
### OVERVIEW

1.1 This lawsuit to recover overtime wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and a class action brought pursuant to the NMMWA and Federal Rule of Civil Procedure 23.

1.2 Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees who worked for Chalk Mountain as Sand Coordinators, Pushers and Well Site Supervisors and were paid a salary but no overtime compensation for all hours worked over forty (40) in each workweek.

1.3     The FLSA and NMMWA require that all non-exempt employees receive compensation for time spent working on their employer's behalf and time and one-half for all hours worked over forty in a regular workweek.

1.4     Plaintiff and the Putative Class Members routinely worked (and work) in excess of 40 hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for at least one and one half their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.6     Defendant knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of 40 hours.

1.5     Plaintiff and the Putative Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[1]

1.6     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA and NMMWA as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

1.7     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit and that a class action be certified protecting the rights of those employees under the NMMWA.

## II.
## JURISDICTION & VENUE

2.1     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It has supplemental jurisdiction over the NMMWA claims under 29 U.S.C. § 1367.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

2.2	This Court has personal jurisdiction over Defendant because the causes of action arose within this District as a result of Defendant's conduct within this District and Division.

2.3	Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

2.4	Specifically, Defendant has maintained a working presence throughout West Texas (and New Mexico) and Plaintiff worked for Defendant at its yard/facility in Pleasanton, Atascosa County, Texas, all of which are within this District and Division.

2.5	Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.
## PARTIES

3.1	Plaintiff Troy Orosco ("Orosco") worked for Defendant in Texas and New Mexico within the relevant time period. Plaintiff Orosco did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

3.2	The Putative Class Members are those current and former Sand Coordinators, Pushers and Well Site Supervisors who were employed by Defendant in the past three years, and have been subjected to the same illegal pay system under which Plaintiff Orosco worked and was paid—specifically, all other Sand Coordinators, Pushers and Well Site Supervisors who were paid a salary and no overtime.

3.3	Chalk Mountain Services of Texas, LLC (hereinafter "Chalk Mountain") is a Texas limited liability company, and may be served through its registered agent for services of process: **Legal Registered Agent Services, Inc., 700 Lavaca, Suite 1401, Austin, Texas 78701**.

---

[2] The written consent of Troy Orosco is attached hereto as Exhibit "A."

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendant, these individuals provided services for Defendant that involved interstate commerce for purposes of the FLSA.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Defendant and were engaged in oilfield services and were directly engaged in the production of natural gas for consumption in U.S. and foreign markets. 29 U.S.C. § 203(j).

4.7	At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8	The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Sand Coordinators, Pushers and Well Site Supervisors who worked for Chalk Mountain Services of Texas, LLC, at any time from July 24, 2014 through the final disposition of this matter, and were paid a salary but did not receive overtime for all hours worked over forty (40) in each workweek" (the "FLSA Collective" or "FLSA Collective Members").

4.9	The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

## V.
## FACTS

5.1	Chalk Mountain Services of Texas, LLC is a leader in the oilfield services industry and specializes in the transportation management of fluids and proppant—a solid material designed to keep an induced hydraulic fracture open during (or after) a fracturing treatment.[3]

5.2	Chalk Mountain's primary service is the coordination of drilling sand and other materials into the oil fields of Texas and New Mexico.

5.3	Sand is a critical part of the hydraulic fracturing process.

5.4	To provide its services, Defendant employs Sand Coordinators, Pushers and Well Site Supervisors—Plaintiff and the Putative Class Members—who are tasked with ensuring the required sand is unloaded from the delivery trucks and then loaded into the blender for use as a proppant.

---

[3] http://www.cmstx.com.

5.5 Specifically, Plaintiff and the Putative Class Members assist in getting trucks into position, inspect the sand that has been delivered, and hook up hoses to trucks that deliver the sand.

5.6 Once sand is unloaded into the blender, it is then used in the well. As such, Sand Coordinators, Pushers and Well Site Supervisors are an integral part of the hydraulic fracturing crew.

5.7 Indeed, Plaintiff and the Putative Class Members' work is an essential part of the well stimulation process.

5.8 Plaintiff Orosco has worked for Defendant as a Sand Coordinator, Pusher and Well Site Supervisor[4] throughout South, East and West Texas and New Mexico since approximately October 2014.

5.9 During this time, Plaintiff Orosco has been paid a bi-weekly salary but has never received time and a half for all hours worked in excess of forty (40) in a workweek.

5.10 Plaintiff and the Putative Class Members' primary job duties include performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites throughout Texas and New Mexico.

5.11 Plaintiff and the Putative Class Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendant and/or its clients.

5.12 Plaintiff and the Putative Class Members' daily and weekly activities are routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients.

5.13 Virtually every job function is pre-determined by Defendant, including the tools to use at a job site, the schedule of work, and related work duties.

---

[4] Although Plaintiff Orosco's job titles have changed in the last three years, his job duties have not.

5.14    Plaintiff and the Putative Class Members are actually prohibited from varying their job duties outside of these predetermined parameters.

5.15    Moreover, Plaintiff and the Putative Class Members' job functions are primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.16    Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield on a daily basis.

5.17    Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.18    Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

5.19    Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

5.20    Plaintiff and the Putative Class Members worked (and continue to work) long hours. Specifically, Defendant regularly scheduled (and continues to schedule) Plaintiff and the Putative Class Members for a minimum of twelve (12) to fourteen (14) hours per day and they regularly worked (and continue to work) a minimum of 84 hours per week.

5.21    Even though Plaintiff and the Putative Class Members worked (and continue to work) far in excess of 40 hours per week, Defendant did not (and does not) pay them overtime for all hours worked in excess of 40 hours each week

5.22    The FLSA and the NMMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

5.23    Defendant denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

5.24    Instead of paying overtime, Defendant applied (and continues to apply) this pay practice despite clear and controlling law that states that the types of duties which were performed by Plaintiff and the Putative Class Members consisted (and continues to consist) of **non-exempt** work.

5.25    Accordingly, Defendant's pay policies and practices blatantly violated the FLSA and the NMMWA.

## VI.
## COLLECTIVE/CLASS ALLEGATIONS

6.1    In addition to Plaintiff Orosco, Defendant employed (and continues to employ) other Sand Coordinators, Pushers and Well Site Supervisors in the State of Texas and New Mexico within the past 3 years.

6.2    Defendant paid Plaintiff and the Putative Class Members a salary but no overtime compensation for all hours worked over forty each week.

6.3    The FLSA Class Members performed the job duties typical of Plaintiff and the Putative Class Members.

6.4    The FLSA Class is similarly situated to Plaintiff Orosco—that is, the Sand Coordinators, Pushers and Well Site Supervisors all performed the same job duties and were paid the same way.

6.5    The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

6.6    Plaintiff Orosco brings his state law claims on behalf of all Sand Coordinators, Pushers and Well Site Supervisors in New Mexico pursuant to Federal Rule of Civil Procedure 23 (the "New Mexico Class").

6.7     On information and belief, Defendant has employed dozens of Sand Coordinators, Pushers and Well Site Supervisors during the past 3 years.

6.8     These workers are geographically dispersed, residing and working in Texas and New Mexico (and throughout the United States).

6.9     Plaintiff Orosco will fairly and adequately protect the interests of the FLSA Class and New Mexico Class.

6.10    Plaintiff Orosco retained counsel who is experienced and competent in class action and employment litigation.

6.11    Plaintiff Orosco has no relevant interest contrary to, or in conflict with, the members of the classes.

6.12    Just like each member of the proposed classes, Plaintiff Orosco has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

6.13    A collective/class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

6.14    Absent these actions, many members of the classes likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA and the NMMWA.

6.15    Furthermore, even if particular members of the classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

6.16    Consolidating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

6.17    There is a well-defined community of interest in the questions of law and fact affecting the New Mexico Class as a whole.

6.18    The questions of law and fact common to the New Mexico Class predominate over any questions affecting solely the individual members.

6.19 Among the common questions of law and fact are:

a. Whether Defendant employed members of the New Mexico class within the meaning of the applicable statutes, including the FLSA;

b. Whether Sand Coordinators, Pushers and Well Site Supervisors were improperly classified by Defendant as exempt from overtime compensation;

c. Whether Defendant's decision to classify Sand Coordinators, Pushers and Well Site Supervisors as exempt was in good faith;

d. Whether Defendant's violation of the FLSA and/or the NMMWA was willful;

e. Whether Defendant failed to pay Plaintiff Orosco, the FLSA Class, and the New Mexico Class, overtime pay due to them by virtue of their designation as exempt; and

f. Whether Defendant kept adequate records of the hours worked by its Sand Coordinators, Pushers and Well Site Supervisors.

6.20 Plaintiff Orosco's claims are typical of the claims of members of the classes.

6.21 Plaintiff Orosco, the FLSA Class, and the New Mexico Class, have all sustained damages arising out of Defendant's wrongful and uniform employment policy.

6.22 Plaintiff Orosco knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

### FIRST CAUSE OF ACTION: VIOLATION OF THE FLSA
### (FLSA CLASS)

6.23 By failing to pay Plaintiff Orosco and the remaining Sand Coordinators, Pushers and Well Site Supervisors overtime at the required one and one-half times their regular rate of pay, Defendant violated the FLSA.

6.24 Defendant owes Plaintiff Orosco and the remaining Sand Coordinators, Pushers and Well Site Supervisors overtime wages equal to one and one-half their regular rates of pay for each overtime hour worked during the last three (3) years through the final disposition of this matter.

6.25 Defendant knew, or at a minimum showed reckless disregard for whether its failure to pay overtime at the required rates violated the FLSA.

6.26 Defendant's failure to pay overtime at the required rates to Plaintiff Orosco and the remaining Sand Coordinators, Pushers and Well Site Supervisors was willful.

6.27 Defendant owes Plaintiff Orosco and the FLSA Class an amount equal to all unpaid overtime wages as well as liquidated damages.

6.28 Moreover, Plaintiff Orosco and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### SECOND CAUSE OF ACTION: VIOLATION OF THE NMMWA
### (NEW MEXICO CLASS)

6.29 The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act ("NMMWA"), NMSA 1978. § 50-4-19 *et seq*.

6.30 Defendant was and is an "employer" within the meaning of the NMMWA.

6.31 At all relevant times, Defendant employed Plaintiff Orosco and each of the New Mexico Class Members, as "employees" within the meaning of the NMMWA.

6.32 The NMMWA requires employers, like Defendant, to pay overtime to all non-exempt employees.

6.33 Plaintiff Orosco and the other New Mexico Class Members are **<u>non-exempt</u>** employees who are entitled to be paid overtime at the proper rate for all overtime hours worked.

6.34 For at least ten (10) years, Defendant has had a policy and practice of failing to pay overtime to the New Mexico Class Members for their hours worked in excess of 40 hours each week.

6.35    Defendant has maintained a continuing pay practice of paying a salary with no overtime for hours worked in excess of forty (40) in a workweek to Plaintiff Orosco and other Sand Coordinators, Pushers and Well Site Supervisors who were paid a salary and performed work on behalf of Defendant and/or its clients in New Mexico.

6.36    As a result of Defendant's failure to pay overtime to Plaintiff Orosco and the New Mexico Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated the NMMWA.

6.37    Defendant's denial of overtime compensation to Plaintiff Orosco and other Sand Coordinators, Pushers and Well Site Supervisors who were paid a salary and performed work on behalf of Defendant and/or it clients in New Mexico is part of a continuing course of conduct.

6.38    Plaintiff Orosco and the other Sand Coordinators, Pushers and Well Site Supervisors who performed work on behalf of Defendant and/or its clients in New Mexico are entitled to invoke the benefits of N.M.S.A. 1978, § 50-4-32 (1978).

6.39    As a result, this action "may encompass all violations that occurred as part of [Defendant's] continuing course of conduct regardless of the date on which they occurred."

6.40    Plaintiff Orosco and the New Mexico Class Members seek the amount of their underpayments based on Defendant's failure to pay one and one-half times their regular rates of pay for work performed in excess of 40 hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from Defendant's willful conduct as the Court deems just and proper.

6.41    Plaintiff Orosco and the New Mexico Class Members seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the NMMWA.

## VII.
## RELIEF SOUGHT

Plaintiff Orosco respectfully prays for judgment and relief against Defendant as follows:

7.1     For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

7.2     For an Order certifying the New Mexico Class as a class action pursuant to Federal Rule of Civil Procedure 23;

7.3     Judgment awarding Plaintiff Orosco and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

7.4     Judgment awarding Plaintiff Orosco and the New Mexico Class who performed work on behalf of Defendant in the State of New Mexico all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the NMMWA;

7.5     An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

7.6     All such other and further relief that Plaintiff Orosco, the FLSA Class, and/or the New Mexico Class are justly entitled.

Respectfully submitted,

**ANDERSON2X, PLLC**

By:     /s/ *Clif Alexander*
        **Clif Alexander**
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **Attorney in Charge for Plaintiff and Putative Class Members**