**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TROY OROSCO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § | |
| v. | § | CIVIL NO. SA-17-CA-00682-XR |
| CHALK MOUNTAIN SERVICES OF TEXAS, LLC | § § § § | |

## AGREED SCHEDULING RECOMMENDATIONS

This matter is an alleged hybrid Rule 23 class action and collective action under Section 216(b) of the Fair Labor Standards Act. At their Rule 26(f) conference, counsel for both parties discussed an early (and informal) exchange of payroll data to enable the parties to have a meaningful settlement dialogue. Based on these discussions and the time Defendant will need to provide such data to Plaintiff in useable form, and then discuss possible resolution, the parties have agreed to stay all deadlines through January 3, 2018 and the proposed order reflects that agreement.

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

**MOTIONS FOR LEAVE TO AMEND PLEADINGS.**

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is **March 16, 2018**.

The deadline for Defendant(s) to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties is **March 30, 2018**.

**EXPERTS**

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before **June 15, 2018**.

Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before **July 16, 2018**.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is **August 1, 2018**.

**WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES**

The deadline for filing Rule 26(a)(3) disclosures is **November 15, 2018**.

The deadline for filing objections under Rule (26)(a)(3) is **December 1, 2018**. Any objections not made will be deemed waived.

**COMPLETION OF DISCOVERY**

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is **August 30, 2018**.

**ALTERNATIVE DISPUTE RESOLUTION (ADR) REPORT**

A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **January 10, 2018**.

The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **December 1, 2017**, and each opposing party shall respond, in writing on or before **December 15, 2017**.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

**PRETRIAL MOTIONS**

No motion (other than a motion in limine) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is **August 30, 2018**. This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length. Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is **December 1, 2018**.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

## FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference shall be held on [THIS DATE WILL BE COMPLETED BY THE COURT] _____ .

Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

## TRIAL

The Trial Date is [PARTIES MAY SUGGEST A TRIAL DATE. IT IS RECOMMENDED THAT THE PARTIES CONTACT THE COURTROOM DEPUTY TO DETERMINE AVAILABILITY ON THE COURT CALENDAR] January 14, 2019.

**AGREED AND/OR ACKNOWLEDGED:**

By: */s/ Clif Alexander*  
    State Bar No. 24064805  
    clif@a2xlaw.com

ANDERSON2X, PLLC  
819 N. Upper Broadway  
Corpus Christi, TX 78401  
Telephone:  (361) 452-1279  
Facsimile:  (361) 452-1284

**ATTORNEY IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**

By: */s/ Carrie B. Hoffman*  
    Carrie B. Hoffman  
    State Bar No. 00787701  
    choffman@gardere.com  
    Taylor E. White  
    State Bar No. 24070843  
    twhite@gardere.com

GARDERE WYNNE SEWELL LLP  
2021 McKinney Avenue, Suite 1600  
Dallas, TX 75201  
Telephone:  (214) 999-4262  
Facsimile:  (214) 999-3262

**ATTORNEYS FOR DEFENDANT**